E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482/6875
     Facsimile: (213) 894-0141
     E-mail:    jennifer.chou@usdoj.gov
                lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-00471-MWF |
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION |
| v. | |
| JUAN CARLOS THOLA, et al., | |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jennifer Chou and Lindsay M. Bailey, hereby files this reply and response to the opposition filed by defendant Juan Carlos Thola (Dkt. 144), regarding the government's ex parte application for a protective order governing the use and dissemination of personal identifying information, Privacy Act information, and confidential informant

information (Dkt. 138).

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, the Declaration of Lindsay M. Bailey, and such further evidence and argument as the Court may permit.

Dated: January 16, 2025          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

___/s/_____
LINDSAY M. BAILEY
JENNIFER CHOU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Juan Carlos Thola's ("defendant") opposition to the government's proposed protective order includes factual inaccuracies and prioritizes defense counsel's convenience over protecting the legitimate interests of third-party victims and cooperators.[1] Ultimately, this Court should issue the government's proposed protective order to protect those who have been victimized by defendant, and to protect those citizens who have put a target on themselves by assisting the government in its investigation. Their safety is of the utmost importance.

As discussed in further detail below, the government's proposed protective order is critical to protecting these individuals. Indeed, these are standard provisions in the government's protective order and are routinely entered by courts in this district, including this Court. The Court should therefore enter the government's proposed protective order without amendment.

**II.   ARGUMENT**

**A.   THE GOVERNMENT'S PROPOSED WATERMARK IS FACTUALLY ACCURATE**

Defendant first objects to the government's proposed watermark, which reads "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT." A protective order employing this exact language has

---

[1] For example, defendant claimed that he had received "so little discovery" that he was at a disadvantage in litigating the issues presented in the motion. (Dkt. 144 [Opposition or Opp.] at ii.) At the time defendant filed his Opposition, the government had produced over 7,000 pages of discovery that did not contain protected material. As of the date of the filing of this Reply, the government has produced over 25,000 pages of discovery.

previously been entered in this district.  See, e.g., United States v. Mario Miranda, et al., CR 19-55-MWF, Dkt. 472.

The proposed watermark includes a factual statement advising individuals about the potential consequences of disseminating protected information.  There is nothing misleading or threatening about the accurate warning.  If a potential witness is "scared off" by understanding the full consequences of disseminating protected information, as defense counsel fears, then they probably should not be entrusted with protected information.

**B. THE "IN WRITING" REQUIREMENT ENSURES THE COURT CAN ENFORCE THE PROTECTIVE ORDER AGAINST THOSE WITNESSES WHO VIEW PROTECTED MATERIAL**

Defendant primarily argues that the "in writing" requirement would inhibit the defense's ability to speak to potential witnesses in this case.  Not so.  The proposed protective order allows defense counsel and other members of the defense team to contact potential witnesses, speak to them about the case, and show them non-protected discovery.  The proposed protective order requires potential witnesses to agree in writing to be bound by its terms only in the limited circumstances where the defense decides to show the potential witness discovery containing PII or CI Materials.  Given the sensitive nature of the PII and CI Materials in this case, the proposed protective order's "in writing" requirement is a reasonable and justifiable measure to mitigate the risks associated with disclosing PII and CI Materials.  This is why Courts in this district routinely uphold the "in writing" requirement.

Defendant's sole cited case, United States v. Leung, 351 F. Supp. 2d 992 (C.D. Cal. 2005) is completely inapposite.  That case had nothing to do with a proposed protective order; rather, the

Ninth Circuit dismissed a case in which the terms of a plea agreement specifically prohibited a defendant from contacting a potential witness. The proposed protective order contains no such provision, nor precludes the defense from contacting potential witnesses in any way.

Defendant further argues that the "in writing" requirement should be reciprocal on the government, citing primarily to the defense's argument in United States v. Hovhannisyan, CR 19-411-GW (C.D. 2020). However, defendant completely ignores the fact that the Court in Hovhannisyan rejected the defense argument, specifically noting that the "the respective positions of the parties are not equivalent" when it came to the terms of the protective order. Id. at Dkt. 22. Moreover, the Crime Victims' Right Act codifies the government's obligations to protect the privacy rights of third party victims, but contains no such requirement on the defense. See 18 U.S.C. § 3771. By contrast, defense counsel's "principal responsibility is to serve the undivided interests of his [or her] client." Ferri v. Ackerman, 444 U.S. 193, 204 (1979). The defense, therefore, is in an entirely different position than the government. It is precisely for this reason that the "in writing" requirement should be binding on the defense but need not be binding on the government.

**C.  DEFENSE COUNSEL SHOULD NOT BE PERMITTED TO LEAVE PROTECTED MATERIALS IN CARS SOLELY FOR DEFENSE COUNSEL'S CONVENIENCE**

Finally, defendant claims that he should be allowed to leave protected materials locked in his car because it is efficient. Contrary to defense counsel's assertions, all the provision requires is that a traveling attorney bring their laptop or any printed

3

papers containing protected materials with them when they leave their vehicle unattended (such as to attend a hearing or to stop at a restaurant to eat). This is not an unreasonable imposition, particularly given the sensitive nature of the Confidential Materials.

Defendant also argues that the government is not bound by such a requirement. (Opp. at 6.) Again, this argument ignores the respective roles and duties of the parties in this case. Government officials are "public servants" that "represent the interest of society as a whole." Ferri, 444 U.S. at 202-203. The government thus has an inherent duty to safeguard protective material, negating the need for a separate order requiring the same duties. Further, government employees are required to comply with government policies and procedures regarding the use and protection of government computers and classified information, including policies that bar USAO employees from leaving government laptops and phones in unattended vehicles.

Nor is this a novel issue. Again, contrary to defendant's assertions, this exact issue has been litigated repeatedly before courts within this district and has been repeatedly upheld. See, e.g., United States v. Bonilla, CR 2:24-500-JFW (C.D.Cal. 2024) (Dkts. 87, 88 at 7, 89, 91, 95); United States v. Lauren Ashley Fulsom, et al., CR 5:24-62-RGK (C.D. Cal. 2024) (Dkts. 34, 35, 36, 37, 39); United States v. Luis Oswaldo Valencia, et al., CR 5:24-204-SSS (C.D.Cal. 2024) (Dkts. 48, 49, 50, 58); United States v. Luis Fernando Felix Starnes, et al., CR 8:23-167-JWH (C.D. Cal. 2023) (Dkts. 116, 119, 120); United States v. Ramos, CR 2:22-354-RGK (C.D.Cal. 2022) (Dkts. 147, 149, 156, 159); United States v. Alvaro

4

Andres Garcia, CR 2:22-473-JFW (C.D. Cal. 2022) (Dkts. 44, 45, 49, 50, 51).  Even if defendant were correct that defense counsel had universally agreed to this provision prior to his filing, that only supports the fact that such a provision is not unduly burdensome on defense counsel.  Ultimately, the unnecessary risk that CI Material and victim PII could be stolen -- thus jeopardizing the safety and privacy of informants and victims -- far outweighs the slight inconvenience of taking Confidential Materials with counsel when he leaves his car.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's ex parte application and enter the government's proposed protective order.[2]

---

[2] To the extent that the Court orders a separate protective order than the one entered as to the non-objecting co-defendants, defendant JOHN CARLO THOLA has requested that the original protective order be modified so that the same provisions bind all parties in this case.  No such request has been made by any other defendant.

5